**STATE, Plaintiff-Appellee, v. GIVENS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4774. Decided February 20, 1953.

Frank H. Kearns, Pros. Atty., Joseph J. Poorman, Asst. Pros. Atty., Columbus, for plaintiff-appellee.
Lawrence R. Curtis, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court finding the defendant guilty of stealing and operating a motor vehicle without the owner's consent. The indictment sets forth that,

"Orie Givens, late of said County, on or about the 22nd day of December, in the year of our Lord one thousand nine hundred and fifty-one, within the County of Franklin aforesaid, unlawfully did steal, take and drive away one certain 1948 Dodge panel truck of the value of One Thousand Dollars, the personal property of Nick Cannell, doing business as the Quality Bakery.

"And the jurors of the Grand Jury aforesaid, at the term aforesaid, upon their oaths as aforesaid, in the name and by the authority of the State of Ohio aforesaid, do further find and present that the said Orie Givens, on or about the 22nd day of December, 1951, within the County of Franklin aforesaid, unlawfully and purposely did then and there take, drive and operate a certain motor vehicle, to wit, a 1948 Dodge panel truck of the value of One Thousand Dollars, upon a public highway in said County of Franklin and State of Ohio aforesaid, without then and there having the consent of Nick Cannell, doing business as the Quality Bakery, then and there the owner of said automobile, contrary to the Statute in such cases made and provided, and against the peace and dignity of the State of Ohio."

The appellant first urges that the State failed to prove all of the

allegations contained in the indictment which it was required to do, to wit:

1. There was no proof that the motor vehicle was driven upon a public highway.

2. There was no proof as to the value of the truck as alleged in the indictment.

We are referred to 21 O. Jur., 833, Section 140, which reads as follows:

"Proof Generally.—It is a clear principle of law that a person cannot be indicted for one crime and convicted of an entirely different offense. Consequently, it is necessary that the allegations of a criminal charge and the proof thereof correspond. Every material averment must be proven, and as a general proposition descriptive averments must be proven as laid. Although an allegation in an indictment is not necessary thereto, yet, if it is descriptive of material facts, the prosecutor is bound to prove it as laid. Allegations descriptive of the identity of that which is legally essential to the charge can never be rejected. For instance, if a person is charged with stealing a black horse, it is not permissible to prove that he stole a white horse, notwithstanding the fact that it was unnecessary to allege the color of the horse. Likewise, if averments descriptive of the locus of an offense are unnecessarily inserted, they must be proved as averred. * * *"

This seems to be in accord with the old common law rule, but which has been modified by §13437-25 GC.

We have examined the bill of exceptions and find that officer C. C. Johnson testified that when he first saw the truck it was coming into the parking lot from the alley. If this was not positive proof, certainly the inference could be drawn from all of the evidence produced by the State that the truck had been operated by the defendant upon a public highway, if this proof was necessary in order to sustain a conviction.

The record reveals that no evidence was offered to establish the value of the truck. This was not a material allegation under §12619 GC and was therefore surplusage, the proof of which was not required. Holtz v. The State, 30 Oh St 486.

It is next urged that the evidence was insufficient to warrant a finding of guilty of operating a motor vehicle without the owner's consent. The record reveals that no proof was offered as to ownership of the truck; consequently, the lack of consent of the owner was not shown. These are material allegations, properly made in the indictment, but the proof of which is entirely absent from the record. It will be noted the indictment charges two offenses, to wit: (1) Auto stealing; (2) operating a motor vehicle without the owner's consent. A general finding of guilty is a finding of guilty on each count. The record does not support the finding on the charge of operating a motor vehicle without the owner's consent.

As to this finding the judgment is ordered reversed, but the judgment will be affirmed, finding the defendant guilty of auto stealing. The cause will be remanded to the trial court with instructions that the judgment entry be vacated and the defendant re-sentenced.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.